IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICKEY LEE GREGORY            )
                              )
    v.                        )   NO: 3:19-01159
                              )
SHERIFF JOHN FUSON, et al.    )

**TO:** Honorable Eli J. Richardson, District Judge

# REPORT AND RECOMENDATION

By Order entered February 11, 2020 (Docket Entry No. 7), this *pro se* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings.

Presently pending before the Court is Defendants' motion for summary judgment (Docket Entry No. 24), to which Plaintiff has not responded. For the reasons set out below, the undersigned recommends that the motion for summary judgment be granted and this action be dismissed.

## I. BACKGROUND

Mickey Lee Gregory ("Plaintiff") is an inmate confined in the Montgomery County Jail ("Jail") in Clarksville Tennessee.[1] On December 26, 2019, he filed this *pro se* and *in forma pauperis* lawsuit under 42 U.S.C. § 1983, seeking damages and injunctive relief for violations of his civil rights allegedly committed at the Jail. *See* Complaint (Docket Entry No. 1). Named as defendants

---

[1] Plaintiff asserts in his complaint that he is a pre-trial detainee, and Defendants assert that he has been confined at the Jail since October 24, 2019. *See* Affidavit of Tackett (Docket Entry Nop. 26-1) at ¶ 5.

are Montgomery County Sheriff John Fuson ("Fuson") and Jail Assistant Chief Deputy Douglas Tackett ("Tackett"), who are both sued only in their official capacities.

In his Complaint, a Notice (Docket Entry No. 3), and an Amended Complaint (Docket Entry No. 5), Plaintiff complains about the living conditions and policies at the Jail. He alleges that he is watched by female staff members while he showers and has been yelled at by female staff members for taking too long in the shower. *See* Amended Complaint at 5. He further alleges that he is denied access to mail that includes cards and photographs of his children. *Id*. at 6. Finally, Plaintiff alleges that he has not received adequate medical care. Specifically, he alleges that he is being denied any treatment for his hepatitis-C and that he is being denied dental care due to Fuson's "guideline" that no dental care will be provided to inmates until after one year of incarceration. *Id*. He asserts that, as a result of the dental policy, his "whole top teeth have been pulled" due to disease, and he is unable to chew or properly digest his food. *Id*.

Upon initial review of the lawsuit pursuant to 28 U.S.C. § 1915(e)(2), the Court found that Plaintiff stated arguable municipal liability claims against Montgomery County, Tennessee ("Montgomery County") in light of his naming of Defendants in only their official capacities. *See* Order entered February 11, 2020 (Docket Entry No. 7).[2] Defendants filed an answer and amended answer, *see* Docket Entry Nos. 17 and 23, and a scheduling order was entered that set out deadlines for pretrial activity in the case, including a period for discovery. *See* Docket Entry No. 22. A jury trial has been demanded in the case by both parties.

---

[2] Although Plaintiff also raised allegations about food contamination and the improper handling of grievances, the Court dismissed these claims on initial review for failing to state claims upon which relief can be granted. *Id*. at 8.

## II. MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, contending that there are no genuine issues of material fact in dispute and that Plaintiff's claims should be dismissed as a matter of law. Defendants support their motion with: (1) a statement of undisputed material facts (Docket Entry No. 26); (2) the affidavit of Defendant Tackett (Docket Entry No. 26-1); (3) copies of a receipt form showing Plaintiff received the Jail's inmate handbook (Docket Entry No. 26-2), the inmate handbook (Docket Entry No. 26-3), and Plaintiff's Jail grievances (Docket Entry No 26-4); (4) Plaintiff's responses to Defendants' interrogatories; (5) the affidavit of Jessica Ison, the Jail's medial records custodian (Docket Entry No. 28); and, (6) copies of Plaintiff's medical records (Docket Entry No. 28-1 and 28-2).

Defendants raise several arguments for dismissal of Plaintiff's claims. First, Defendants contend that, although Plaintiff filed numerous grievances at the Jail, he did not file a grievance about being observed by female guards while showering and he thus failed to administratively exhaust this claim. They further argue that Plaintiff fails to set forth evidence that there is a policy, custom, or practice in place at the Jail that led to the alleged observations of him by female guards. Second, Defendants acknowledge that the Jail has a uniformly applied policy that prohibits incoming inmate mail that contains photos, pictures, artwork, stamps, paper, envelopes, greeting cards, or glitter but contend that this policy is reasonably based upon a legitimate security about liquid drugs being secretly concealed in inmate mail. Finally, Defendants argue that the undisputed evidence shows that Plaintiff actually received appropriate medical care at the Jail with respect to his dental needs and Hepatitis C and that he cannot offer evidence showing that he was treated with deliberate indifference to these medical needs.

3

By Order entered July 23, 2020 (Docket Entry No. 30), Plaintiff was advised of the motion for summary judgment and given a deadline of August 31, 2020, to file a response. Plaintiff was specifically advised that his failure to file a timely response could result in the dismissal of his claims. To-date, Plaintiff has not responded to Defendants' motion in any manner.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe*

4

*Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## IV. ANALYSIS

Although Plaintiff's allegations were sufficient to permit the claims at issue to survive initial review, he has not responded to Defendants' motion for summary judgment and has not provided the Court with evidence that supports his claims and rebuts Defendants' motion. After review of the record before the Court, the Court finds that summary judgment should be granted to Defendants and this action should be dismissed.

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical

issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

Plaintiff has not satisfied his threshold obligation. He has not responded to the motion for summary judgment, has not rebutted Defendants' evidence or arguments, and has not supported his claims with any affirmative evidence. This is so even though the Court specifically advised Plaintiff of the need to respond to the motion and gave him an extended response deadline.[3] Additionally, he has not specifically responded to Defendants' Statement of Undisputed Facts, as required by Local Rule 56.01(c). Because of his failure to respond, Defendants' asserted facts "shall be deemed undisputed for purposes of summary judgment." Local Rule 56.01(f). Accordingly, the Court is permitted to rely upon the facts set forth by Defendants as the undisputed facts.

---

[3] Plaintiff was given 42 days to respond to the motion for summary judgment instead of the 21-day response period set out in Local Rule 56.01(a).

A. Observation of Plaintiff by Female Guards While Showering

This claim warrants dismissal because it was not administratively exhausted prior to being raised in Plaintiff's lawsuit. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires a prisoner bringing a lawsuit under federal law with respect to prison conditions to exhaust all available administrative remedies before filing the lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Satisfying the exhaustion requirement prior to pursuing a federal lawsuit is a mandatory requirement. *Ross v. Blake*, _U.S._, 136 S. Ct. 1850, 1856-57 (2016). Once a defendant raises and supports the defense of failure to exhaust, the burden shifts to the plaintiff to present "significant probative evidence" showing that he has complied with the PLRA's requirement of exhaustion. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225-26 (6th Cir. 2011).

Defendants have raised and supported the failure to exhaust defense as to this claim. *See* Statement of Undisputed Facts at ¶¶ 6 and 7. It is undisputed based on the record before the Court that Plaintiff, although familiar with the grievance process, did not administratively exhaust this claim through a grievance at the Jail prior to filing his lawsuit. In the face of Defendants' affirmative evidence of noncompliance with the exhaustion requirement as to this claim, Plaintiff must present "significant probative evidence" showing compliance with the PLRA. *See Napier*, *supra*. He has not done so, and this claim must therefore be dismissed.

In addition to dismissal based on Plaintiff's failure to exhaust, this claim warrants dismissal on the merits. While the Sixth Circuit recognizes that prison inmates retain some measure of a

7

reasonable expectation of privacy despite being incarcerated, *Cornwell v. Dahlberg*, 963 F.2d 912, 917 (6th Cir. 1992), and that this constitutionally protected right can be violated if prison inmates are "exposed to regular surveillance by officers of the opposite sex while naked—for example while in the shower or using a toilet in a cell." *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004) (citing *Kent v. Johnson*, 821 F.2d 1220, 1226 (6th Cir. 1987)), this right of privacy is nonetheless limited and is necessarily curtailed due to the fact of confinement. A minimal, fleeting, or unintentional exposure of a prison inmate to female prison guards is the type of *de minimis* infringement that does not rise to the level of constitutional concern. *See Mills*, 389 F.3d at 579; *Bradbury v. Hammond*, 2013 WL 4521117, *3 (E.D. Mich. Aug. 27, 2013) (collecting cases); *McGowan v. Cantrell*, 2007 WL 2509704, *12 (E.D. Tenn. Aug. 30, 2007).

Plaintiff has offered no evidence that any observation of him while he was showering by a female staff member was anything other than the type of *de minimis* infringement that does not raise constitutional concerns. Additionally, Defendants have offered evidence that there is not a policy or custom in place at the Jail that permits or causes male inmates at the Jail to be observed while they are showering by female staff members in a regular manner or routine manner. *See* Affidavit of Tackett at ¶¶ 6-12. Plaintiff has not rebutted this evidence, let alone produced evidence that would support a municipal liability claim against Montgomery County based on an unconstitutional policy or custom. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). For such a claim, there must be evidence of a direct causal link between an official policy or custom and the alleged constitutional violation. Otherwise, a Section 1983 claim fails. *See City of Canton v. Harris,* 489 U.S. 378, 385 (1989); *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996). *See also Thomas v. City of*

*Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005) ("the plaintiff bears a heavy burden in proving municipal liability"). There is no such evidence in this case.

B. Incoming Mail Restrictions Claim

Summary judgment should be granted to Defendants on this claim because the Jail's policy against inmates receiving mail that includes cards and photographs does not impermissibly infringe upon Plaintiff's First Amendment rights.

"Prisoners maintain a First Amendment right to send and receive mail." *Farris v. Farrow*, 2018 WL 1352162 at *2 (E.D.Tenn. Mar. 15, 2018) (*citing Procunier v. Martinez*, 416 U.S. 396, 408-09 (1974) and *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119 (1977)). "An inmate's exercise of constitutional rights is necessarily limited, however, 'both from the fact of incarceration and from valid penological objectives—including deterrence of crime, rehabilitation of prisoners, and institutional security.'" *Id*. (*quoting Pell v. Procunier*, 417 U.S. 817, 822-23 (1974)). When a prison regulation is alleged to impinge on an inmate's constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. *Arauz v. Bell*, 307 Fed.App'x 923, 928 (6th Cir. 2009) (*quoting Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Defendants have set forth evidence showing that inmates at the Jail can receive mail subject to non-content based restrictions that the mail must be in a plain white envelope, written on white lined paper with only blue or black ink, and that cards and pictures, among other things, are not permitted to be included in the mail. *See* Inmate Handbook (Docket Entry No. 26-3) at 23-24; Affidavit of Tackett at ¶ 15. Defendants assert that this policy is in place as a security measure intended to prevent liquid drugs from coming into the Jail via inmate mail. *Id*. Incoming mail to

9

a jail or penal institution poses a particularly high threat to prison safety and security. *See Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989). Based upon the evidence presented by Defendants, the policy at issue appears to be a reasonable response to a legitimate security concern. Plaintiff has not rebutted this evidence or otherwise presented any basis upon which a reasonable jury could conclude that his First Amendment rights have been violated by the policy.

C. Inadequate Medical Care Claim

Summary judgment should be granted to Defendants on this claim because there is a lack of evidence in the record supporting a claim that Plaintiff's constitutional right to adequate medical care was violated at the Jail.

A claim for unconstitutional medical care requires evidence that: 1) Plaintiff had an objectively serious medical need that was not treated appropriately, *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); and 2) the prison official sued had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the serious medical need at issue. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). This standard is not satisfied by a showing of negligence or even medical malpractice. *Estelle*, 429 U.S. at 105; *Comstock*, 273 F.3d at 702.[4]

---

[4]As a pretrial detainee, Plaintiff's constitutional right regarding medical care arises from the Due Process Clause of the Fourteenth Amendment, not from the Eighth Amendment protections provided to a convicted prisoner. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001). However, the applicable standard governing an inadequate medical care claim is the same under both constitutional amendments. *See Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012); *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir.2005); *Watkins*, *supra*.

In the instant case, Defendants have set forth evidence showing that Plaintiff's medical needs related to dental care and to Hepatis C were not ignored by staff at the Jail and that he was provided with a measure of care as to these needs. *See* Statement of Undisputed Fact at ¶¶ 13-14 and 16-27. Specifically, this evidence shows that Plaintiff had regular chronic care exams for the assessment of signs of Hepatitis C and/or liver damage and had blood work performed to identify any indicators of hepatitis C and/or liver damage, none of which were found. *Id*. at ¶¶ 20-27. With respect to dental care, Defendants contend that the evidence shows that all but one of Plaintiff's "top teeth" were already extracted prior to Plaintiff's incarceration at the Jail, *id*. at ¶ 16, and that Plaintiff's final top tooth was extracted in November 2019, when the tooth was found to be decayed. *Id*. at ¶ 18. With respect to any other dental treatment and whether Plaintiff was provided with dentures, Defendants contend that the Jail staff relied upon the decisions made by the medical care provider, Correct Care Solutions/Wellpath, with whom the Jail has contracted to provide medical treatment to inmates. *Id*. at ¶¶ 14-15. The Court notes that Plaintiff's medical records also generally show that he received other medical treatment while at the Jail for a variety of ailments. *See* Docket Entry Nos. 28-1 and 28-2.

Given the unrebutted evidence from Defendants that is before the Court and the lack of any affirmative evidence from Plaintiff in support of this claim, no reasonable jury could find that Plaintiff was denied constitutionally adequate medical care. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law. *Hill v. Jones*, 211 F.3d 1269 (6th Cir. 2000); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Although the care Plaintiff received at the Jail may not have been as prompt, thorough, or

11

Case 3:19-cv-01159   Document 31   Filed 09/21/20   Page 11 of 12 PageID #: 466

far-reaching as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Constitution does not guarantee that a prison inmate receive the "optimum or best medical treatment." *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978). Defendants' evidence, even when viewed in the light most favorable to Plaintiff, shows that he was not treated with deliberate indifference to his serious medical needs.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion for summary judgment (Docket Entry No. 24) filed by Defendants John Fuson and Douglas Tackett be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge